NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0003n.06
Filed: October 1, 2004

Case No. 03-4540

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL D. CLEAR, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, SUTTON, and COOK, Circuit Judges

COOK, Circuit Judge. Michael Clear appeals the district court's imposition of a sophisticated means enhancement to his sentence for attempted tax evasion. We affirm.

I

Clear worked as an independent contractor for Computational Systems, Inc. ("CSI") from 1993 until 1996. In 1993, the Internal Revenue Service filed a levy on Clear's income with CSI for taxes Clear owed from 1990–92. After the IRS filed the levy, Clear continued to perform services for CSI but stopped submitting invoices for payment. By 1996, CSI owed Clear over $160,000. To circumvent the IRS levy, Clear obtained a fraudulent levy release form, provided it to CSI, and requested payment of the amounts owed him. As part of the scheme, Clear accepted a one percent

reduction in payment in exchange for CSI's paying him with five cashier's checks instead of one corporate check.

Because Clear had no bank account, he asked his brother to cash one cashier's check and his daughter to cash two cashier's checks. His daughter used some of the money from the checks she cashed to purchase additional cashier's checks. Clear then sent the additional checks along with two of the checks he received from CSI to a warehouse bank, which identifies accounts by an arbitrary number, rather than a depositor's name or social security number.

Clear pleaded guilty to attempted tax evasion in violation of I.R.C. § 7201. The district court increased Clear's base offense level by two levels because it found that he used sophisticated means to conceal the existence or extent of the offense. U.S. Sentencing Guidelines Manual § 2T1.1(b)(2) (1995).[1]

II

Whether conduct constitutes sophisticated means is a question of fact that we review for clear error. *United States v. Middleton*, 246 F.3d 825, 847–48 (6th Cir. 2001). The Sentencing Guidelines provide for a two level increase "[i]f sophisticated means were used to impede discovery of the existence or extent of the offense." § 2T1.1(b)(2). The commentary to that section explains: "'Sophisticated means,' as used in subsection (b)(2), includes conduct that is more complex or

---

[1]The district court used the 1995 Guidelines instead of the Guidelines in effect at the time of sentencing because the penalties provided in 2003 for Clear's crime were more severe than the penalties provided when Clear committed the crime. *United States v. Moses*, 106 F.3d 1273, 1278 n.5 (6th Cir. 1997) ("Although ordinarily a sentence should be based on the guidelines that are in effect on the date the defendant is sentenced, an amendment that occurs after the offense but before sentencing will not be applied where it would increase the sentence, because to do so would violate the Ex Post Facto Clause." (citations and internal quotation marks omitted)).

demonstrates greater intricacy or planning than a routine tax-evasion case. An enhancement would be applied, for example, where the defendant used offshore bank accounts, or transactions through corporate shells or fictitious entities." *Id.* at cmt. n.4. Those examples are illustrative, not exclusive. *United States v. Lewis*, 93 F.3d 1075, 1082 (2d Cir. 1996).

The district court found that Clear's depositing checks in a warehouse bank and using family members to cash checks constituted sophisticated means. We agree. In a similar case, the Seventh Circuit upheld a sophisticated means enhancement for a defendant who used a warehouse bank, eliminated all bank accounts in his name, and used family members to make bank transactions. *United States v. Becker*, 965 F.2d 383, 390 (7th Cir. 1992). And the Fifth Circuit upheld a sophisticated means enhancement for a defendant who converted his income into multiple cashier's checks and deposited money in his wife's separate bank account to conceal his tax evasion. *United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996).

Clear argues that his use of a warehouse bank and family members did not constitute sophisticated means because the government was at all times aware of the nature and amount of his income. But sophisticated means are identified by their complexity, intricacy, or planning, not their ultimate success. § 2T1.1(b)(2), cmt. n.4. Although the government's knowledge of Clear's income may have made his tax evasion efforts futile, Clear nevertheless used sophisticated means to avoid his tax liabilities. "This was not a case of an individual who simply lied on a 1040 form." *United States v. Pierce*, 17 F.3d 146, 151 (6th Cir. 1994).

III

For the foregoing reasons, we affirm the district court's two-level enhancement of Clear's sentence under § 2T1.1(b)(2).